IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> SHARON DAVIDSON, AMY JOHNSON, CHARLES VEST, as Executor of the Estate of Kimberly J. Vest, and JACQUELINE KELLEY, <br><br> Defendants. | Case No. 4:23-cv-00005 |

## COMPLAINT IN INTERPLEADER

Comes now Plaintiff, Metropolitan Life Insurance Company ("Plaintiff" or "MetLife"), by counsel, and for its Complaint in Interpleader states as follows:

## PARTIES

1. MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York. It is duly licensed to do business in the State of Indiana.

2. Upon information and belief, Defendant Sharon Davidson ("Sharon") is the daughter of Glen Kelley (the "Decedent"), and she resides in Batesville, Indiana, located in Ripley County, Indiana.

3. Upon information and belief, Defendant Amy Johnson ("Amy") is the daughter of the Decedent, and she resides in Batesville, Indiana, located in Ripley County, Indiana.

4. Upon information and belief, Defendant Charles Vest, as Executor of the Estate of Kimberly J. Vest ("Estate of Kimberly") is the surviving spouse of Kimberly J. Vest, a daughter

of the Decedent, that passed away post-death of the Decedent, and he resides in Batesville, Indiana, located in Ripley County, Indiana.

5. Upon information and belief, Defendant Jacqueline Kelley ("Jacqueline") is the surviving spouse the Decedent, and she resides in Leesburg, Florida.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331, because this action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, a law of the United States. Further, this is an interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure.

7. Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), 28 U.S.C. §1397, and 28 U.S.C. §1391(b), because one or more defendants reside in this district and a substantial part of the events giving rise to this action occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

8. The Decedent was an employee of PNC Financial Services Group, Inc. ("PNC") or an acquired entity or predecessor of PNC and Decedent was a participant in an ERISA-governed employee welfare benefit plan (the "Plan") sponsored by PNC that provided life insurance benefits for participants, with claims administered by MetLife. A true and correct copy of the Plan documents is attached hereto as Exhibit A.

9. MetLife, as claim fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan. 29 U.S.C. §1104(a)(1)(D).

10. ERISA defines a beneficiary as "[a] person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

11. The Plan establishes the right of a Plan participant to name his or her beneficiary. See Exhibit A.

12. The most recent screen shot provided by PNC names Jacqueline as primary beneficiary to receive 100% of the Plan benefits, however, PNC is unable to verify that the Decedent submitted a beneficiary designation change form actually naming Jacqueline as primary beneficiary (hereafter the "Unsupported Beneficiary Designation Screen Shot"). A true and correct copy of the Unsupported Beneficiary Designation Screen Shot is attached hereto as Exhibit B.

13. The beneficiary designation form on file with PNC is undated and names the Decedent's former spouse Janet R. Kelley, who predeceased the Decedent, as the primary beneficiary and names each of the Decedent's three daughters (Sharon, Amy, and Kimberly) as contingent beneficiaries to receive equal shares of the Plan benefits if the primary beneficiary predeceases the Decedent (hereafter the "Undated Beneficiary Designation"). A true and correct copy of the Undated Beneficiary Designation form with corresponding Screen Shots is attached hereto as Exhibit C.

14. The Decedent died on February 16, 2022. A true and correct copy of the death certificate for Decedent is attached hereto as Exhibit D.

15. At the time of his death, the Decedent was enrolled under the Plan for Basic Life insurance coverage in the amount of Fifteen Thousand and 00/100 Dollars ($15,000.00) (the "Plan Benefits"). The Plan Benefits became payable upon the Decedent's death, pursuant to the terms of the Plan.

16. Jacqueline challenged the Undated Beneficiary Designation form as being the most recent beneficiary form, based on her understanding from the Decedent that he had changed the primary beneficiary in 2011 from his prior spouse (Janet R. Kelley) to Jacqueline whom he married

in 2010. A true and correct copy of correspondence sent by Jacqueline challenging the Undated Beneficiary Designation form is attached hereto as Exhibit E.

17. Based on the contentions raised by Jacqueline and the questions raised by PNC about the proper beneficiary or beneficiaries, it is not clear whether a Court would uphold the validity of the Undated Beneficiary Designation form or find support for Jacqueline's challenge and find as valid the Unsupported Beneficiary Designation Screen Shot.

18. MetLife sent a pre-interpleader letter to Defendants regarding the potential competing claims for the Plan Benefits, but to date, the Defendants have not reached an agreement regarding the Plan Benefits.

19. MetLife cannot determine whether a court would find the Undated Beneficiary Designation valid, given Jacqueline's challenge and the Unsupported Beneficiary Designation Screen Shot.

20. If a court were to determine that the Undated Beneficiary Designation is valid, then the Plan Benefits would be payable to Sharon, Amy, and the Estate of Kimberly in equal shares.

21. If a court were to determine instead that Jacqueline's challenge and the Unsupported Beneficiary Designation Screen Shot is valid, the Plan Benefits would be payable to Jacqueline.

22. MetLife cannot determine the proper beneficiary or beneficiaries of the Plan Benefits without risking exposure of itself, PNC, and the Plan to multiple liability.

23. As a mere stakeholder, MetLife has no interest in the Plan Benefits (except to recover its attorney's fees and costs of this action if defendants contest the interpleader). MetLife therefore respectfully requests that this Court determine to whom said Plan Benefits should be paid.

24. MetLife is ready, willing and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant or Defendants the Court shall designate.

25. MetLife is ready and willing to deposit with the Clerk of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife requests the Court:

(i) Permit MetLife to pay to the Clerk of the Court the Plan Benefits, including any applicable interest due and owing under the terms of the Plan;

(ii) Upon receipt of the Plan Benefits by the Clerk of the Court, and upon MetLife's filing of a Motion to Dismiss, dismiss MetLife with prejudice from this action, and discharge MetLife, PNC, and the Plan from any further liability for the Plan Benefits;

(iii) Require that the Defendants litigate or settle and adjust between themselves their claims for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Contested Plan Benefits should be paid; and

(iv) Award MetLife its costs and attorney's fees incurred in this action is any Defendant challenges the interpleader and causes unnecessary litigation expenses to be incurred.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: _s/ Tina M. Bengs_
Tina M. Bengs, IN Bar No. 19751-64
56 S. Washington St., Suite 302
Valparaiso, IN 46383
Phone: 219-242-8664; 219-242-8669
tina.bengs@ogletree.com
ATTORNEYS FOR PLAINTIFF

5

CERTIFICATE OF SERVICE

I hereby certify that the foregoing *COMPLAINT IN INTERPLEADER* was filed electronically on January 12, 2023 and that service of same on all counsel of record will be made by the Court's CM/ECF system as follows:

    None

I further certify that service was made on the following non-represented parties of record by placing copies of the foregoing *COMPLAINT IN INTERPLEADER* in envelopes properly addressed to them and with sufficient first-class postage pre-paid:

    Amy Johnson
    114 Shane Ct.
    Batesville, IN 47006
    Ph.: 812-212-4232

    Sharon Davidson
    216 S. Huntersville Rd.
    Batesville, IN 47006
    Ph.: 812-212-0865

    Charles Vest
    85 Oakmont Pl., Apt. 1205
    Batesville, IN 47006
    Ph.: 812-363-6279

    Jacqueline Kelley
    146 Buccaneer Dr.
    Leesburg, FL 34788
    Ph.: 513-617-1438

    John L. Kellerman, II, Esq.
    Kellerman Law Office
    105 E. George St.
    Batesville, IN 47006
    Ph.: 812-934-4334

    */s/ Tina M. Bengs*
    Tina M. Bengs